UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRENCE TAYLOR,

                Plaintiff,                Case No. 2:14-cv-175

v.

                                         HON. ROBERT HOLMES BELL

SCOTT SMITH, et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

State prisoner Terrence Taylor filed "Plaintiff's Request for Injunctive Relief" (Docket #29) and "Plaintiff's Memorandum of Law in Support of Order to show cause for a preliminary injunction and temporary restraining order" (Docket #34).  Plaintiff alleges that defendants confiscated his property when he transferred into the Chippewa Correctional Facility.  Plaintiff alleges that Defendant Smith issued a notice of intent for excess property because Plaintiff had two duffle bags when he arrived at the prison. Plaintiff claims that this was in retaliation for his pending litigation and that the confiscation denied him access to the courts.  After a hearing in which Defendant Clark determined that Plaintiff could possess only half of his property, Plaintiff refused to sign the disposition and, as a result, never received his property.  Plaintiff argues that Defendant Clark's administrative hearing decision was retaliatory and denied him access to the courts.  Plaintiff requests that the court order Defendants to replace or return his trial transcripts, police report, medical autopsy report and other relevant legal documents.

Plaintiff alleges that on July 24, 2015, he asked prisoner counselor McDonald to send out legal mail through an expedited legal mail disbursement.  McDonald told Plaintiff that he was too busy and told  Plaintiff to return in twenty minutes.  When Plaintiff returned, McDonald had left

the unit.  Plaintiff claims that McDonald frustrated, hindered and impeded his access to the courts.

Plaintiff requests that the court order Defendant McDonald not to deny Plaintiff access to the courts.

The issuance of preliminary injunctive relief is committed to the discretion of the

district court.  *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir.

1987).  In exercising that discretion, the court must consider and balance four factors:

> 1.  Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2.  Whether the movant has shown irreparable injury.
>
> 3.  Whether the preliminary injunction could harm third parties.
>
> 4.    Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994).  These factors are not prerequisites to the grant

or denial of injunctive relief, but factors that must be carefully balanced by the district court in

exercising its equitable powers.  *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this

Court is required to proceed with the utmost care and must recognize the unique nature of the prison

setting.  *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984).  *See also Harris v. Wilters*,

596 F.2d 678 (5th Cir. 1979).  It has also been remarked that a party seeking injunctive relief bears

a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under

the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert.*

*denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive

relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983

action.  *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989).  A review of the

materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his federal rights.

Plaintiff asserts that his legal materials were wrongfully confiscated and he requests that the court order Defendants to return or replace those documents.  This is the subject matter of this litigation.  Defendants issued a notice of intent to Plaintiff because he possessed property in excess of the amount that was allowed.  Plaintiff was given the opportunity to keep half of his property, but made the decision to not sign the disposition.  As a result, Plaintiff was not provided any of his property.  Plaintiff could have chosen to keep his legal materials, by simply signing the disposition and making that choice.  Plaintiff apparently wants all his confiscated property which included more than just legal materials.  At this point in the litigation, Plaintiff has not shown a substantial likelihood of success on the merits of his underlying claim.  Similarly, Plaintiff requests that the court order McDonald, who is not a defendant, to not deny Plaintiff access to the courts. Prison officials already have a constitutional obligation to ensure that a prisoner has access to the courts.  Ordering a prison official to comply with the United States Constitution serves no purpose. Plaintiff's request is unnecessary and redundant.  Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction.  Any interference by the federal courts in the administration of state prison matters is necessarily disruptive.  The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights.  *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).  That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motions for a injunctive relief be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: September 21, 2015                    /s/ TIMOTHY P. GREELEY
                                             TIMOTHY P. GREELEY
                                             UNITED STATES MAGISTRATE JUDGE