UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRENCE TAYLOR,

    Plaintiff,

v.

SCOTT SMITH, et al.,

    Defendants.

                                                    /

Case No. 2:14-cv-175

HON. ROBERT HOLMES BELL

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983, alleging violations of the First and Fourteenth Amendments. On August 24, 2016, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion for summary judgment (ECF No. 83) be denied and that Defendants' motion for summary judgment (ECF No. 81) be granted in part and denied in part. (ECF No. 93.) The matter is before the Court on Defendants' (ECF No. 94) and Plaintiff's (ECF No. 95) objections to the R&R.

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of

contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

**Plaintiff's Objections**

Plaintiff filed two objections. First, Plaintiff objects to the Magistrate Judge's conclusion that a motion made under Mich. Ct. R. 6.502 is not protected by the Constitution. Second, Plaintiff objects to the Magistrate Judge's conclusion that Defendant Smith is entitled to qualified immunity.

A. Access to Courts Claim

Plaintiff cites *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc), to support his argument that a 6.500 motion is a collateral attack on his conviction, and as such, is the equivalent of a habeas petition in federal court. But *Thaddeus-X* specifically provides that a prisoner's right to access the courts extends to "direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X*, 175 F.3d at 391. A 6.500 motion is neither a direct appeal nor a habeas application. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (explaining that there is no right to counsel in post-conviction motions); *Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004) (explaining that the filing of a post-conviction motion will toll a prisoner's habeas clock). But this Court has opined that "[a] state court collateral action is the equivalent of a habeas petition in federal court and certainly constitutes a

collateral attack on a prisoner's sentence." *Hughes v. Toombs*, No. 1:97-CV-773, 1999 LEXIS 12092, at *(W.D. Mich. Aug. 4, 1999). "Thus, such actions are protected." *Id.* (citing *Lewis*, 518 U.S. at 355). Further, state collateral actions, like a 6.500 motion, may be necessary to the successful pursuit of federal habeas relief because prisoners are required to first exhaust all available state remedies. 28 U.S.C. § 2254(b)(1)(A).

Assuming Plaintiff has a right to access state courts for relief from judgment under *Hughes*, he still must show "an actual injury to state a claim for denial of access to the courts." *Lewis*, 518 U.S. at 349. According to the Sixth Circuit, "in *Lewis*[,] the Supreme court held that only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadiz v. Johnson*, 173 F.3d 958, 964 (6th Cir. 1999). Thus, "even if someone delays a case or prevents it from coming to court, an actual injury will not be found unless the underlying claim would have been successful." *Mikko v. Davis*, 342 F. Supp. 2d 643, 647 (E.D. Mich. 2004).

In Plaintiff's deposition, he testified that he had difficulties litigating his cases because Defendants confiscated police reports, trial transcripts, and legal books. (Pl's. Dep., ECF No. 82-2, PageID.425-26.) But Plaintiff admitted that he never missed any deadlines or had any of his cases dismissed as a result of Defendants' conduct. (*Id.*) Plaintiff alleges that he could not file his 6.502 motion because Defendants confiscated it, and he could not reproduce the motion because he did not have copies of his transcripts. (ECF No. 84, PageID.463.) Plaintiff admitted that he filed a request to get another copy of his transcripts,

3

and had an attorney working on his criminal appeal. (ECF No. 82-2, PageID.426.)

Plaintiff has not shown that his 6.500 motion would have been successful if not for Defendants' actions. In fact, the Michigan Court of Appeals denied Plaintiff's motion for "lack of merit in the grounds presented." (ECF No. 84-2, PageID.474.) Plaintiff argues that the court denied his motion because he was forced to file without transcripts. (*Id.* at PageID.472.) But the court did not provide an explanation for the denial. Plaintiff has only shown that Defendants' actions prevented him from filing the motion with transcripts. Without further information on the validity of the motion, Plaintiff has failed to show actual injury as required under *Lewis*. *Rumsey v. Mich. Dep't of Corr.*, 327 F. Supp. 2d 767, 779 (E.D. Mich. 2004); *Mikko*, 342 F. Supp. 2d at 646 (granting defendant's motion to dismiss for failure to state a claim when plaintiff failed to show actual injury). Therefore, even if Plaintiff's objection is correct, it does not affect the Magistrate Judge's recommendation to grant summary judgment in favor of Defendants on this claim.

B. Retaliation Claim

Plaintiff alleges that Defendants confiscated his legal property in retaliation for filing lawsuits. Defendant Smith moved to dismiss Plaintiff's retaliation claim based on qualified immunity because he lacked personal involvement. (ECF No. 82, PageID.407-09.) Qualified immunity is an affirmative defense that extends to government officials performing discretionary functions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). Government officials acting within the scope of their authority are entitled to qualified

immunity as long as their conduct does "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818. It protects "all but the plainly incompetent or those who knowingly violate the law." *Humphrey v. Mabry*, 482 F. 3d 840, 847 (6th Cir. 2007). The Sixth Circuit applies a two-part test to determine whether a government official is entitled to the defense of qualified immunity: (1) whether the plaintiff has shown a violation of a constitutionally-protected right; and, if so, (2) whether that right was clearly established such that a reasonable official would have understood that his behavior violated that right. *Shehee v. Luttrell*, 199 F.3d 295, 299-300 (6th Cir. 1999).

Plaintiff argues that Defendant Smith is not entitled to qualified immunity because he refused to notify Michigan's Department of Licensing and Regulatory Affairs ("LARA") that Plaintiff claimed to have legal property. Plaintiff contends that Defendant Smith had a clear legal duty to notify LARA once Plaintiff made this claim, and his refusal to do was a contributing factor to the violation of Plaintiff's constitutional rights.

Defendant Smith argues that he did not have the final authority to make a decision whether Plaintiff's property was legal or personal, and that Defendant Clark was the ultimate decision maker. Defendant Smith cites the Michigan Department of Corrections Policy Directive 04.07.112 in support. (ECF No. 82-4, PageID.434-35, ¶ O.) The policy directive provides that, "[i]f the prisoner's property exceeds allowable limits due to items claimed to

5

be legal property, a hearing shall be conducted by a hearing officer from [LARA] to determine if the items are legal property and thus allowed to be possessed." (*Id.*)

Defendant Smith also argues that, if he was not the decision maker taking the alleged adverse action, his conduct is not evidence of retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001) (finding that, where the defendant was not the decision maker, her actions could not be taken as evidence of retaliation); *Shehee*, 199 F.3d at 301 (finding that Defendants could not be held liable for retaliation when they did not have final decision-making authority to bring about the adverse action). Defendant Smith relies on *Shehee*, but that case is distinguishable from the facts present here. In *Shehee*, the court found that none of the non-supervisory defendants were involved in the alleged adverse action, so plaintiff had not set forth a valid retaliation claim against them. *Shehee*, 199 F.3d at 301. Here, Plaintiff alleges that Defendant Smith told him that they did not tolerate lawsuits and the last person who filed lawsuits found himself in the hotel eating out of a straw. Further, Plaintiff asserts that he asked for a hearing to keep his excess legal property, and left the excess property with Defendant Smith. It is clear that Defendant Smith was involved in and had authority to confiscate Plaintiff's excess property, even if he did not have final authority to determine whether that property was legal or personal. Therefore, *Shehee* is inapposite.

Although "[t]he ultimate burden of proof is on the plaintiff to show that the defendants are not entitled to qualified immunity," defendants bear the initial burden of coming forward with facts to suggest that they were acting within the scope of their discretionary authority

during the incident in question. *Rich v. City of Mayfield Heights,* 955 F.2d 1092, 1095 (6th Cir. 1992) (citing *Wegener v. Covington*, 933 F.2d 390, 392 (6th Cir. 1991)). "Thereafter, the burden shifts to the plaintiff to establish that the defendants' conduct violated a right so clearly established that any official in defendants' position would have clearly understood that they were under an affirmative duty to refrain from such conduct." *Id.* Nonetheless, "'summary judgment [is] not appropriate if there is a factual dispute (*i.e.*, a genuine issue of material fact) involving an issue on which the question of immunity turns, such that it cannot be determined before trial whether the defendant did acts that violate clearly established rights.'" *Id.* (quoting *Poe v. Haydon*, 853 F.2d 418, 426 (6th Cir. 1988), *cert. denied*, 488 U.S. 1007 (1989)). There is a factual dispute as to whether Plaintiff's property was personal or legal, and Defendant Smith's defense of qualified immunity turns on this fact. At this point, the Court cannot determine whether Defendant Smith violated Plaintiff's clearly-established rights. Therefore, Defendant Smith's motion for summary judgment to dismiss Plaintiff's retaliation claim based on qualified immunity is denied.

### **Defendants' Objection**

Plaintiff alleges that Defendants violated his equal protection rights because he was denied a hearing on his excess legal property while other similarly-situated prisoners received a hearing. Defendants object to the Magistrate Judge's conclusion that there is a question of fact as to whether Plaintiff's property was legal or personal property.

Courts apply strict scrutiny to review an equal-protection claim if the state discriminates against a suspect class or interferes with a fundamental right. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Plaintiff does not allege that he is a member of a suspect class, and "prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005) (citing *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998)). Although prisoners have a fundamental right of access to the courts, the right is not absolute. *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). Moreover, because Plaintiff cannot establish actual injury, Defendants did not interfere with Plaintiff's fundamental right to access the courts. Therefore, this Court will apply rational basis review. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. Of Shelby, Mich.*, 470 F.3d 286, 298 (6th Cir. 1998), *overruled on other grounds by Davis v. Prison Health Servs.*, 679 F.3d 433 (6th Cir. 2012).

Under rational basis review, there is no constitutional violation if "*any* conceivable basis rationally supports it." *TriHealth Inc. v. Bd. of Com'rs, Hamilton Cty., Ohio*, 430 F.3d 783, 790 (6th Cir. 2005). A defendant "need not offer any rational basis so long as this Court can conceive of one." *Club Italia Soccer & Sports Org.*, 470 F.3d at 299. The Magistrate Judge found that there was a question of fact as to whether Plaintiff's property was personal or legal. Defendants argue that they acted rationally in concluding that Plaintiff did not have legal property. Although their ultimate conclusions were wrong, Defendants argue that they reviewed Plaintiff's property and made a rational decision that Plaintiff did not possess legal

8

property. Because it appears that there is a question of fact as to the status of Plaintiff's property, the Court will not grant summary judgment in favor of Defendants on this claim.

With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation.

An order with enter in accordance with this Opinion.


Dated: October 27, 2016                              /s/ Robert Holmes Bell
                                                               ROBERT HOLMES BELL
                                                               UNITED STATES DISTRICT JUDGE