UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRENCE LEE TAYLOR #377991,

        Plaintiff,

        Case No. 2:14-CV-175

v.

        HON. GORDON J. QUIST

SCOTT SMITH, et al.,

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Terrence Lee Taylor, a prisoner incarcerated with the Michigan Department of Corrections, filed a complaint pursuant to 42 U.S.C. § 1983 against several Defendants, alleging the following claims: (1) violation of Plaintiff's First Amendment right of access to the courts; (2) retaliation against Plaintiff for his exercise of his First Amendment rights; (3) violation of Plaintiff's Fourteenth Amendment due process rights; and (4) violation of Plaintiff's equal protection rights under the Fourteenth Amendment. Following dismissal of Defendants Woods, Norton, and Ross based on Plaintiff's failure to exhaust his administrative grievance remedies (ECF No. 53), the case proceeded against Defendants Smith and Clark. On October 27, 2016, Judge Bell dismissed Plaintiff's access-to-the-courts claim, concluding that Plaintiff failed to show an actual injury. (ECF No. 100 at PageID.543.) Judge Bell also dismissed Plaintiff's due process claim, but allowed Plaintiff's retaliation and equal protection claims to proceed against both Smith and Clark. (*Id.* at PageID.546–48.) On December 14, 2016, Magistrate Judge Greeley denied Plaintiff's motion to amend his complaint to add allegations regarding his dismissed access-to-the-courts claim. (ECF No. 107.)

On June 15, 2017, this Court held a jury trial on Plaintiff's retaliation and equal protection claims. At the conclusion of trial, the jury found for Defendants on both claims. (ECF No. 134.) Plaintiff appealed the judgment to the Sixth Circuit. On August 30, 2018, the Sixth Circuit issued an order denying Plaintiff's appeal as to the trial-related issues but sustaining the appeal as to Plaintiff's argument that he should have been allowed to amend his complaint to shore up his access-to-the-courts claim. The Sixth Circuit reasoned that Plaintiff's amendment sufficiently alleged an actual injury because Plaintiff alleged that he could not effectively present his claims to the state court absent his trial transcripts, which Defendants had confiscated. (ECF No. 154 at PageID.845.)

Following remand, Defendants moved for summary judgment on the access-to-the-courts claim. On July 29, 2019, Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion because Plaintiff cannot establish prejudice and Defendants are entitled to qualified immunity. (ECF No. 172 at PageID.1080.) The magistrate judge noted that Plaintiff obtained a copy of his trial transcripts and filed a motion for relief from judgment pursuant to M.C.R. 6.502 on October 6, 2016, in which he raised eight issues—two more than he claimed he included in his 2013 motion that Plaintiff alleges Defendants prevented him from filing. (*Id.* at 1082–83, 1085–86, 1092.) The magistrate judge also noted that the state court considered and denied every claim on the merits that Plaintiff raised in his 2016 motion. Given these facts, the magistrate judge concluded that Plaintiff "has not shown that he was denied the ability to present any claim due to the alleged delay in bringing his motion for relief from judgment under MCR 6.502." (*Id.* at PageID. 1091.) Finally, the magistrate judge concluded that Plaintiff's allegation that three claims he could have made at the time his transcripts were confiscated—failure to swear in the jury; newly discovered evidence that cast doubt on a witness's trial testimony six years earlier; and a resentencing issue under *People v. Lockridge*, 488 Mich. 358,

870 N.W.2d 502 (2015)—were foreclosed when Plaintiff eventually filed his motion for relief from judgment is without merit, as Plaintiff included such claims in his 2016 motion and the state court considered them on the merits. (*Id.* at 1092.)

Plaintiff has filed an objection to the R & R, arguing that the magistrate judge erroneously concluded that Defendants are entitled to summary judgment. Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Plaintiff's objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Plaintiff does not argue that the magistrate judge erred in concluding that Plaintiff fails to show that the lack of a transcript prevented him from presenting or developing one or more of his claims. Instead, he argues that the magistrate judge erred by "not mak[ing] an independent determination as to whether the underlying claims were frivolous as required by *Lewis v. Casey*, 518 U.S. 343, 354 (1996)." (ECF No. 173 at PageID.1095.) Regardless of whether Plaintiff's claims were frivolous or had some arguable merit, the magistrate judge correctly concluded that Plaintiff failed to demonstrate prejudice because he was not prevented from presenting a claim to the state court. Plaintiff argues that the magistrate judge should have conducted his own independent analysis of Plaintiff's claims because, according to Plaintiff, the state court either applied the incorrect standard or erred in applying the correct standard. Plaintiff miscomprehends the magistrate judge's analysis and the scope of relief available an access-to-the-courts claim under § 1983. The R & R does not recommend that the Court grant summary judgment on the underlying claims in Plaintiff's motion for relief from judgment. The state court already ruled on these claims. Instead, the R & R recommends granting summary judgment on Plaintiff's access-to-the-courts

3

claim asserted in this federal court. This Court has no authority in this § 1983 action to review Plaintiff's state-court claims. "[L]ower federal courts possess no power to sit in direct review of state court decisions." *Atl. Coast Line R.R Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296, 90 S. Ct. 1739, 1748 (1970); *see also Collins v. Collins*, 597 F. Supp. 33, 39 (N.D. Ga. 1984) ("Federal courts are not in the business of hearing attacks on state court judgments where the judgment is not on its face violative of the Constitution and where the state has provided an opportunity for appellate review to satisfy the requirements of due process."). As Plaintiff implicitly recognizes, the proper vehicle for seeking relief as to the state-court's rulings—to the extent they present a federal constitutional issue—is a petition for habeas corpus, which Plaintiff has already filed in the Eastern District of Michigan. (ECF No. 173 at PageID.1097–98 (stating as to sufficiency of the evidence claim: "The fact that the state court denied relief is not relevant to the district court's determination as to whether the underlined [sic] claim was 'nonfrivolous' or 'arguable.' It is very much possible that the Eastern District of Michigan where the claim is presently pending within a habeas corpus petition (case no. 2:18-cv-11711) may grant relief on the issue.").) *See Lee v. Willard*, No. 14-2605, 2015 WL 3404085, at *8 (E.D. La. May 26, 2015) ("The cornerstone of adequate court access . . . is the ability to present a claim, not the right to obtain a ruling of one's liking. Save his opportunity to pursue his allegations on *habeas corpus* grounds, . . . Lee may not seek review of those state courts' decisions by casting a complaint in the form of a civil rights action."); *Jelks v. White*, No. 07-00127 ACK-LEK, 2007 WL 879243, at *3 (D. Haw. Mar. 20, 2007) (observing that the plaintiff's access-to-the-courts claim asserted in a habeas corpus petition, "if brought under this court's original jurisdiction and *not as a review of the state court's ruling*, must be brought as a civil rights action under 42 U.S.C. § 1983") (italics added).

Therefore,

**IT IS HEREBY ORDERED** that the July 29, 2019, Report and Recommendation (ECF No. 172) is **ADOPTED** as the Opinion of this Court. Plaintiff's Objection (ECF No. 173) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 163) is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

A separate judgment will enter.

This case is **concluded**.

Dated: August 21, 2019                     /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE